### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| RICHARD AVONDET | * |
| | * |
| and | * |
| | * |
| JENNY LEE AVONDET | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THOR MOTOR COACH, INC., | * |
| | * |
| and | * |
| | * |
| CAMPING WORLD RV SALES, LLC, | |
| Please Serve: | |
| CT Corporation System | |
| 4701 Cox Road, Ste. 285 | |
| Glen Allen, VA 23060 | |
| | |
| Defendants, | |

### COMPLAINT

Now into Court, through undersigned counsel, comes Plaintiffs Richard Avondet and Jenny Lee Avondet and moves the Court for judgment against Defendants Thor Motor Coach Inc. and Camping World RV Sales, LLC on the basis of the following facts and law:

### JURISDICTION

1.  This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, as the Plaintiffs are citizens of Alexandria, Virginia, and the Defendant Thor Motor Coach Inc. is a corporation organized under the laws of Indiana with a principal place of business located in Elkhart, Indiana. The Defendant Camping World RV

Sales, LLC is a corporation organized under the laws of Michigan with a principal place of business located in Auburn, Michigan. The amount in controversy exceeds $75,000.00.

2. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S.C. §1331. Plaintiffs Richard Avondet and Jenny Lee Avondet assert a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.00.

## **VENUE**

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## **FACTS**

4. On July 12, 2023, Plaintiffs' Richard Avondet and Jenny Lee Avondet purchased a 2023 Rize 18A from Camping World RV Sales, LLC located in Thornburg, Virginia. The vehicle was manufactured by Defendant Thor Motor Coach, Inc. which provided express and implied warranty with the machine. The vehicle was sold by Defendant Camping World RC Sales Inc. an authorized sales and warranty service and repair agent of Thor Motor Coach, Inc. Defendant Camping World Sales, LLC agreed to and endorsed the fulfillment of Thor Motor Coach, Inc. warranties. The total delivered price was $105,102.00. Unbeknownst to the Plaintiffs', even though they thought they were buying a 2023 Rize, in reality it was built on a 2021 Dodge Pro Ram 1500.

5. On July 25, 2023, Plaintiffs went to Camping World RV Sales located in Thornburg, Virginia due to many repairs for this new vehicle. The blinds on the passenger side needed to be reattached. The bed had a broken bracket which needed replacement. The generator died after a few minutes of use. The air conditioners would not work. The contact paper on the walls was hanging off. The bathroom was leaking water from the freshwater tank. The weather stripping was loose in several places. The table extension was broken. The driver side sliding window would not open. As of filing this Complaint the vehicle has been out of service for a total of 72 days out of the 85 days the Plaintiffs have owned this vehicle. The vehicle remains out of service.

6. The Plaintiffs have been informed the frame should cover the damaged pop-top but it does not. To fix it the vehicle needs to be rebuilt because the overall strength of the frame is not to the required specifications. Even though Camping World employees admitted the vehicle was defective and could not be fixed, they would not give the Plaintiffs their money back.

## COUNT ONE

## VIOLATION OF THE MAGNUSSON-MOSS ACT (15 U.S. CODE §2301)

7. The allegations of paragraphs 1-6 are re-pled and incorporated herein by reference.

8. The Plaintiffs are consumers as defined in U.S. Code §2301(3).  The Defendants are suppliers and warrantors as defined in 15 U.S. Code §2301(1).

9. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiffs as a

part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U.S. Code §2301 - (7) respectively.

10. The limited warranty has failed its essential purpose and the Defendants have violated the Act due its inability to repair or replace the nonconformities within a reasonable time and had refused to provide the Plaintiffs with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

11. The Defendants have also breached its Implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and the Defendants' inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used, 28 U.S. Code §2308, 2310(d).

12. Plaintiffs seeks to recover as damages the purchase price of their vehicle in the amount of $105,102.00 as well as all finance charges, all incidental costs, compensation in the amount of $25,000.00 for inconvenience and loss of use, or a comparable replacement vehicle to the Plaintiffs, reasonable attorney fees in the amount of $600.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, and court costs.  See, Virginia Code §59.1-207.14.

## COUNT TWO- VIRGINIA CONSUMER PROTECTION ACT

13. The allegations of paragraphs 1-6 are re-pled and incorporated herein by reference.

14. The Virginia Consumer Protection Act (VCPA) was enacted as "remedial legislation to promote fair and ethical standards of dealings between suppliers and the

consuming public." VA Code §59.1-197. The VCPA declares certain fraudulent acts or practices to be unlawful. VA Code §59.1-200A(6) prohibits misrepresenting that goods or services and of a particular standard, quality, goods, style or model. The Defendants violated this provision by selling a 2023 Rize 18A when in reality it was a 2021 Dodge Ram chassis. §59.1-200(A)(14) prohibits the use of any dictation, fraud, false pretense, or misrepresentation in consumers with a consumer transaction. The Defendants violated this promise when they admitted to the Plaintiffs the vehicle was defective and could not be repaired but refused to give them their money back. This is a willful violation of the VCPA justifies and allowing the imposition of treble demands in the amount of $315,305.

   WHEREFORE, Plaintiffs Richard Avondet and Jenny Lee Avondet, moves this Honorable Court to enter judgment in their favor against Defendants Thor Motor Coach Inc., Camping World RV Sales LLC, in the amount of $105,102.00, trebled in the amount of $315,305.00 as well as all incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, interest payments, or a comparable replacement vehicle acceptable to the Plaintiffs, reasonable attorney fees in the amount of $600.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgment interest running from the date of the first attempt, post-judgment interest, court costs, and all other damages, equity and /or law may seem meet.

   TRIAL BY JURY IS DEMANDED.

                                           Respectfully submitted

                                           Richard Avondet and

        Jenny Lee Avondet


        <u>/s/ James B. Feinman</u>

James B. Feinman, Esq. (VSB No. 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA  24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
jb@feinman.com